NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN A. WHALEN, Jr., | No. 09-55448 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 3:06-cv-02629-JLS-RBB |
| v. | MEMORANDUM[*] |
| M/V MILUSKA, OFFICIAL NO. 1041971, her engines, tackle, etc., in rem, | |
| Defendant, | |
| and | |
| DAVID GEORGE HOPKINS, in personam, | |
| Defendant-counter-claimant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted June 9, 2010
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TROTT and W. FLETCHER, Circuit Judges, and BREYER, District Judge.[**]

John A. Whalen appeals from the district court's judgment, after a bench trial, in his admiralty action against the documented vessel M/V Miluska and David George Hopkins. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are fully aware of the facts and circumstances of this lawsuit. Accordingly, we need not fully repeat them here.

After carefully reviewing the record, we conclude that the district court did not clearly err in finding that Whalen breached an oral rescission agreement. See Fed. R. Civ. P. 52(a)(6). The district court's finding that Hopkins and Whalen entered into a binding oral agreement to rescind the purchase agreement is fully supported by (1) Hopkins' testimony, which the district found to be credible, (2) the exchange of emails between Hopkins and Whalen, and (3) Whalen's letters dated August 18 and 22, 2005. Because Whalen did not comply with the terms of this binding agreement, the court correctly found him to be in breach and awarded damages accordingly.

---

[**] The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

As to the disputed Notice of Maritime Lien filed by Hopkins, 46 U.S.C. § 31343(c)(2) permits a district court to award costs and attorneys fees to an owner of a vessel against which a lien was wrongfully filed unless the court finds that the position of the party who filed the lien "was substantially justified or other circumstances make an award of costs and attorneys fees unjust." Here, the district court concluded that "it would be unjust to award attorneys fees and costs to Whalen." In so doing, the court focused on Whalen's "unremedied breach" at the time Hopkins served notice of the disputed lien. Given Whalen's conduct for which the court found him liable, we cannot say that the court abused its discretion in denying attorneys fees to him on the ground that such an award would be unjust.

**AFFIRMED.**